In the Matter of the Contest of the General Election held on November 4, 1980 for the Purpose of Electing a County Commissioner for the Third District in Dakota County, James W. KENNEDY, contestant, Respondent,

v.

John VOSS, contestee, Appellant.

No. 81–28.

Supreme Court of Minnesota.

March 13, 1981.

LeVander, Gillen, Miller & Magnuson, So. St. Paul, Alan Weinblatt, St. Paul, for appellant.

E. C. Meisinger, Jr., West St. Paul, for respondent.

SHERAN, Chief Justice.

The present appeal is an election contest brought under Minn. Stat. §§ 209.01–.12 (1980). Contestant-respondent alleges that contestee-appellant, a successful candidate for the office of Dakota County Commissioner, distributed campaign literature containing false statements, in violation of Minn. Stat. § 210A.04, subd. 1 (1980). Acting District Court Judge Elmer J. Tomfohr ruled that appellant violated the statute, that the violation was serious, deliberate, and material, and that appellant did not act in good faith. Accordingly, the Dakota County Auditor was instructed not to issue a certificate of election to appellant. We reverse.

The parties in this case ran successfully in the 1980 primary election for the office of county commissioner, third district, Dakota County. During the early stages of the general election campaign, respondent, the incumbent, distributed literature in which he listed his qualifications. This literature linked his support of highway development, new traffic signals, bicycle trails, and a county library with outlays in the proposed county budget for 1981. When the 1981 human services budget, containing several of these items, was considered by the county human services board on October 7, 1980, respondent, as chairman, voted to recommend passage of the budget by the county board. Later that same day, at the county board meeting, respondent voted against adding $18,000 to the human services budget for new administrative positions and he voted against the entire county budget be-

cause it contained the additional $18,000. On both occasions, respondent was in the minority.

Perceiving an "inconsistency" between respondent's literature and his subsequent vote, appellant prepared "responsive" literature. Appellant's literature stated that respondent did not support the items he had listed in his literature. Appellant then cited the "no" vote of October 7. For example, appellant stated that "Kennedy is not a supporter of programs for the elderly. The county board approved 1981 funding for continuation of the DARTS program. KENNEDY VOTED NO!"

Appellant won the general election by a margin of 9,758 votes to 8,318 votes. Respondent subsequently filed his notice of election contest. The district court ruled that appellant's statements regarding respondent's lack of support of the elderly and collection of delinquent child support were false because he knew or should have known that casting a "no" vote on the budget, standing alone, could not support his charges. Based upon these statements, the trial court invalidated the election of appellant. The district court also ruled that one of appellant's letters to the editor and his statements regarding respondent's lack of support of labor, highway development, bikeway construction, and library construction either did not violate the statute or were made in good faith. Only the statements that were the basis of the trial court's ruling will be considered in this appeal.[1]

Minn.Stat. § 210A.04, subd. 1 (1980) states:

> Every person who writes, prints, posts, or distributes, or causes to be written, printed, posted, or distributed, except by broadcasting, any circular, poster, or other written or printed matter containing false information with respect to the personal or political character or acts of any candidate, which is designed or tends to elect, injure or defeat any candidate for

nomination or election to a public office, shall be guilty of a gross misdemeanor.

This section was first construed in *Bundlie v. Christensen*, 276 N.W.2d 69 (Minn.1979). There, the court observed that a predecessor statute narrowly defined the term "false statements." Accordingly, the present statute was found to be directed against the evil of making false statements of fact and not against criticism of a candidate or unfavorable deductions derived from a candidate's conduct. *See Bank v. Egan*, 240 Minn. 192, 194, 60 N.W.2d 257, 259 (1953); *Hawley v. Wallace*, 137 Minn. 183, 186, 163 N.W. 127, 128 (1917).

In this case, appellant used a fact, respondent's "no" vote on the county budget vote, to infer that respondent did not support any of the individual items in that budget. Although the inferences made by appellant may be considered extreme and illogical, they do not come within the purview of the statute. The public is adequately protected from such extreme inferences by the campaign process itself. For example, in this case, respondent distributed two flyers rebutting appellant's remarks. The voters of Dakota County had every opportunity to judge for themselves what inferences could properly be drawn from the record of the candidates. We are hesitant to overturn elections without a clear violation of the statute. *In re Election of Ryan*, 303 N.W.2d 462 (Minn.1981).

Reversed.

PETERSON, Justice (concurring specially).

I concur in the decision of the court for the more detailed reasons stated in my dissenting opinion in *Scheibel v. Pavlak*, 282 N.W.2d 843, 853 (Minn.1979) (Peterson, J., dissenting).

---

1. The trial court did not rule whether appellant's statement that respondent attended two of several budget hearings was false. Respondent asserts that the evidence shows he attended three or four of six meetings. We hold that even if false, the statement is not sufficiently serious or material to justify voiding the election. Minn.Stat. § 209.02, subd. 1 (1980).